HARRIS, J.
In a prenuptial agreement, the husband waived “any interest in or claim to any property [obtained by the wife as a result of her previous marriage].” From an annuity received as a result of her former husband’s death, the wife receives in excess of $3,000 per month. Her husband, after a fifteen-year marriage, now lives on social security disability payments of some $800 per month. The trial judge denied alimony to the husband finding that he had waived any right to claim any portion of the wife’s premarital assets and that all of her income came from such assets. The husband did not waive alimony by the agreement; he merely waived any claim to the wife’s separate property. However, it is clear that one’s separate property, while not subject to distribution, may still constitute income from which alimony obligations may be met. See section 61.08(2)(d) and (g), Fla. Stat. This was a long-term marriage in which the wife will continue to receive substantial income while the husband is required to subsist on social security disability payments. On remand, the court should consider the husband’s claim based on the usual needs and ability standard.
Concerning the validity of the premarital agreement, it appears that there was indeed a failure to fully disclose the wife’s assets. This issue seems irrelevant, however, since the court treated the wife’s previously owned assets as non-marital and the result would not change. Its only *621 relevancy would be if the husband waived alimony by the agreement. Since we have held that a waiver of a claim to a spouse’s premarital property does not waive a claim for alimony based on income that such property provides, we need not consider the issue further.
Finally, we believe it appropriate to mention the failure of the court to grant the husband’s motion for continuance. Just before the matter was scheduled for trial, the husband decided that his attorney had failed in his representation. The record bears out the husband’s concern. He discharged his attorney at the docket call on Monday even though the court indicated that he would have to proceed to trial on the following Thursday. Then, after docket call and with little notice, the court ordered that the trial commence the next day. The husband was totally unprepared to represent himself in this matter, particularly on such short notice. This case had only been filed a few months earlier and no previous continuances had been requested or granted. . Further, there is no indication that the husband’s firing his lawyer was done for the purpose of prolonging the litigation. While we do not reverse on this ground, we encourage judges, when a party has a valid reason to discharge his lawyer, to permit a reasonable time to employ a substitute and to prepare.
REVERSED and REMANDED.
THOMPSON, C.J., and SAWAYA, J., concur.